UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APOTHECO PHARMACY DURHAM LLC, and APOTHECO, LLC,

                Petitioners,

-against-

HASSAN AHMED,

                Respondent.

24-CV-03619 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

**BACKGROUND AND INTRODUCTION**

On June 10, 2024, the Court granted in part and denied in part a motion for a preliminary injunction brought by Petitioners Apotheco Pharmacy Durham LLC and Apotheco, LLC ("Apotheco") and ordered Respondent Hassan Ahmed ("Ahmed") to "1. Destroy or return to Apotheco all of Apotheco's property in his, [his wife's], or [his business's] possession," and "submit to the Court and to counsel for Apotheco proof, by notarized and sworn affidavit made under penalty of perjury, that the return or destruction of Apotheco's property as Ordered herein has been completed." See Dkt. No. 31 (the "Order"). The following day, Apotheco submitted a letter informing the Court that it intended to move for reconsideration of the Order in order to request certain changes to its language to avoid the potential spoliation of evidence in anticipation of arbitration between the parties. See Dkt. No. 32. That same day, the Court stayed the Order and ordered Ahmed to "refrain from destroying any Apotheco property in his or his wife's possession, and likewise to refrain from using, accessing, disclosing, transferring, copying, or printing any such information pending the outcome of the Court's ruling on Petitioner's anticipated Motion for Reconsideration." See Dkt. No. 33.

On June 13, 2024, Apotheco filed its Motion for Reconsideration (*see* Dkt. No. 35, the "Motion" or "Mot."), and therein specifically requests the Court revise the Order to "make clear that Ahmed must: (i) preserve (in a forensically-sound manner that does not destroy or alter metadata) Apotheco's confidential, proprietary, and/or trade secret information and property, and (ii) quarantine the forensically-sound copy of such information and property, before he returns it to Apotheco and subsequently deletes it from the applicable devices and accounts." *See* Mot. at 2. On July 1, 2024, Ahmed (acting *pro se*) opposed the Motion. *See* Dkt. No. 36 (the "Opposition" or "Opp.").

In early August 2024, the parties jointly informed the Court that they were in the process of settlement negotiations, and thus the Court held the Motion in abeyance to facilitate the potential amicable resolution of this action short of further litigation. *See* Dkt. No. 37. On November 1, 2024, the parties informed the Court that those discussions had been unsuccessful, and jointly requested the Court resolve the pending Motion.

The parties' familiarity with the remaining factual background and procedural history relevant to the Motion is presumed. Upon due consideration of the Motion, the Opposition, and the Court's familiarity with the entire record and context of this case, the Motion is hereby GRANTED.

## DISCUSSION

"Motions for reconsideration are ... committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11 Civ. 4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016). "[R]econsideration may be granted because of [. . . ] the need to correct a clear error or prevent manifest injustice.'" *Immigrant Defense Project v. United States Immigration &*

*Customs Enf't*, No. 14-cv-6117-JPO, 2017 WL 2126839, at *1 (S.D.N.Y. Nov. 16, 2017) (internal references omitted).

This action was initiated by Apotheco in aid of arbitration, *see* Dkt. No. 1, and in Ahmed's submissions to or communications with the Court, Ahmed has never disputed the validity of the arbitration provision of his contract with Apotheco.  In the Order, the Court found that Apotheco is likely to prevail on the merits of its claims that Ahmed breached his contractual obligations with Apotheco to refrain from using Apotheco's confidential information, work product, and property after his employment with Apotheco had ended, because it was essentially "undisputed that [Ahmed] had refused to comply with Apotheco's demands that he return the documents and information," that he took from Apotheco prior to his departure from the company.  *See* Order at 6-8.

Apotheco is correct in that, as currently drafted, the injunctive portion of the Order would require Ahmed to destroy evidence that may be relevant to Apotheco's breach of contract claims at arbitration and thus prejudice Apotheco at any such arbitration, potentially resulting in "a manifest injustice."  *See* Mot. at 5-6; *see also Immigrant Defense Project*, No. 14-CV-6117 (JPO), 2017 WL 2126839, at *1.  To prevent such an injustice from occurring, the Court promptly stayed the Order and, as far as the Court is aware, Ahmed has since complied with the subsequent order requiring him to refrain from "from using, accessing, disclosing, transferring, copying, or printing any" Apotheco information until the Motion is resolved.  *See* Dkt. No. 33.

Ahmed's primary complaint about Apotheco's proposed revisions to the language of the Order is that it is an "attempt to reargue the importance of hiring a forensic vendor to examine Ahmed's accounts and devices to overburden him with costs, time, and general inconvenience," and that Ahmed "would face prejudice and burden if required to preserve and produce metadata

through a forensic analyst." *See* Opp. at 8. But Apotheco's proposed revisions to the Order do not require Ahmed to hire a forensic analyst, and only require that the preservation of the materials be done "in a forensically sound manner, with all metadata intact[.]" *See* Mot. at 6. Even if such preservation cannot be accomplished without the aid of a forensic vendor, when weighed against the importance of avoiding spoliation evidence and preserving the rights and remedies of the parties in anticipation of the impending arbitration, the cost of hiring such a vendor is warranted.[1]

In order to provide both parties a full and fair opportunity to arbitrate their claims, and to correct error and prevent injustice, the Motion is HEREBY GRANTED, the stay on the Court's June 10, 2024 Order is hereby LIFTED except insofar as the Order is HEREBY AMENEDED as follows:

Ahmed is HEREBY ORDERED to:

1. (1) Preserve (in a forensically sound manner, with all metadata intact), (2) quarantine the preserved image pending the completion of arbitration, and (3) *after* the forensically sound image is created and quarantined, then return to Apotheco and delete from all systems, devices, and accounts all of Apotheco's property in his, Sherazi's, or Ebers Pharmacy's possession, including but not limited to all of Apotheco's confidential, proprietary, and/or trade secret information, and all other Apotheco documents or information he, Sherazi, or Ebers Pharmacy possess, including any "Misappropriated Apotheco Information" (as the term is defined in paragraphs 76 through 80 of the Petition), and any documents or materials containing

---

[1] While this should not be construed as a directive or advice from the Court to Ahmed, it is also possible such preservation can be accomplished short of hiring a forensic analyst, for example, through the use of an external hard drive on which a forensically-sound copy of the entire electronic device can be downloaded and sequestered before return and deletion of the relevant documents.

the substance of any of Apotheco's confidential, proprietary, and/or trade secret information, whether in paper or electronic form;

2. By no later than fourteen days[2] from the date of this Order, submit to the Court and to counsel for Apotheco proof, by notarized and sworn affidavit made under penalty of perjury, that steps set forth in Paragraph 1 as ordered herein have been completed.

Ahmed is HEREBY NOTIFIED that failure to comply with any of the above conditions of this Order could subject him to financial sanctions or other consequences as determined by the Court. The Clerk of Court is respectfully directed to terminate Dkt. No. 34.

Dated: November 6, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[2] Both the original Order and Apotheco's proposed revisions required Ahmed to submit such proof "within five (5) business days of the date of this Order." Given the change in technical requirements, however, the Court believes additional time is warranted for Ahmed to determine and complete a process that complies with the revised directives.