# Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

SHANNON HAMPTON SUTHERLAND
PARTNER
DIRECT DIAL: +1 215 979 1104
PERSONAL FAX: +1 215 689 4956
E-MAIL: SHSutherland@duanemorris.com

www.duanemorris.com

PITTSBURGH
NORTH JERSEY
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

January 31, 2025

**VIA ECF FILING SYSTEM**

The Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

>   Re:   ***Apotheco Pharmacy Durham LLC, et al. v. Hassan Ahmed,***
>   **Case No. 1:24-cv-03619-MMG**

Dear Judge Garnett:

We respectfully write on behalf of Petitioners, Apotheco Pharmacy Durham LLC and Apotheco, LLC ("Apotheco"), to bring to the Court's attention a violation by Respondent, Hassan Ahmed ("Mr. Ahmed"), of the Court's December 6, 2024 Order (the "Order"). (D.E. 46 and 47).

## The Order

The Court's Order directs that:

1. Mr. Ahmed will Fedex the Thumb Drive to the neutral forensic vendor.
2. The forensic vendor will make a forensically sound image of the Thumb Drive (the "Thumb Drive Image").
3. The forensic vendor will "sit" (remotely, through screen share) with Mr. Ahmed, and Mr. Ahmed will identify to the forensic vendor the Apotheco Property on the Thumb Drive Image (the "Identified Apotheco Property").
4. The forensic vendor will also search the Thumb Drive Image for the terms *Apotheco and Apotheco* (* is a wildcard) to identify any additional Apotheco Property ("Search Hits"). The forensic vendor will exclude from the Search Hits any of Mr. Ahmed's attorney-client privileged communications using the names and email addresses of Mr. Ahmed's counsel ("Excluded Communications") and will provide a log of the Excluded Communications. Any Search Hits that are not duplicative of Identified Apotheco Property shall be reviewed by Mr. Ahmed prior to their production to Apotheco in order to determine if they are property of Apotheco or, instead, a false search term hit that is non-responsive (e.g., a personal email that includes the word Apotheco would be considered a non-responsive "false hit"). The vendor shall provide a log of any documents that Mr. Ahmed withholds as non-responsive.
5. The forensic vendor will deliver to Apotheco the Identified Apotheco Property, and the Search Hits, but not the Excluded Communications or the Search Hits withheld by Mr. Ahmed as non-responsive.

DuaneMorris

The Honorable Margaret M. Garnett
January 31, 2025
Page 2

Order.

## Background of the Dispute

We received from Capsicum a log of 435 documents consisting of Word, Excel, JPG, and PDF files that were withheld at Mr. Ahmed's direction (the "Log," a copy of which is attached as Exhibit 1).  We write to address 240 files on that Log.

Capsicum has indicated that:

- The 38 files highlighted in **blue** on the Log were identified by Mr. Ahmed as non-responsive, but contain the search terms *Apotheco or Apotheco*.

- The 212 files highlighted in **purple** on the Log were identified by Mr. Ahmed as Identified Apotheco Property (but later changed by him to non-responsive), and which in any event contain the search terms *Apotheco or Apotheco*.

The majority of these 240 files are PDF and Excel files.

The Court's Order expressly requires the vendor, Capsicum, to provide a log of any Excluded Communications or documents Mr. Ahmed withholds as non-responsive.  Mr. Ahmed refused to allow Capsicum to include on the Log the original file name for the 435 withheld files on the log, including the 240 addressed in this letter.  As such, the Log does not provide sufficient information for Apotheco or the Court to ascertain whether documents have been properly withheld in accordance with the Court's Order.  Given that these 240 "blue" and "purple" files Mr. Ahmed directed Capsicum to withhold contain the terms *Apotheco or Apotheco*, and are primarily PDF and Excel files, it appears highly unlikely that these files are actually "non-responsive" or properly withheld in accordance with the Court's Order.  Rather, it is highly likely that these 240 files are Apotheco Property.

Apotheco's counsel has attempted to address this issue with Mr. Ahmed.  Mr. Ahmed claims that:

> The [435] files that have been withheld were provided to an attorney for legal advice, and when I provided them, I changed the electronic names to reflect my concerns.  This was done to seek legal advice and are an attorney client communication.  This is why we cannot produce the names of the files without breaching that privilege.

> The same documents were later returned to me as a Bates registered set of documents.  Accordingly, they are work product.



The Honorable Margaret M. Garnett
January 31, 2025
Page 3

Apotheco's counsel explained to Mr. Ahmed:

> As a matter of practice, logs contain information sufficient for the reader to determine whether a document has been property withheld. The logs you have unilaterally directed the vendor to provide fail in this regard. Instead, you have directed the vendor to change file names of all of the documents (which contain search term hits) to "Withheld", and to provide the changed "Withheld" file name on the attached log. The Court's Order does not permit you to change file names or to direct the vendor not to provide Apotheco's Property back to Apotheco, or to refrain from remediating Apotheco Property from your devices or accounts.
>
> If an Apotheco document was provided to an attorney, the substance of your communication to the attorney may potentially be privileged (and should be properly put on the log), but the Apotheco documents themselves (which appears to be what you are withholding) are not privileged, even if sent to an attorney. They are Apotheco property and must be returned and remediated from your devices and accounts.

As such, Apotheco's counsel asked Mr. Ahmed to:

(1) Direct Capsicum to produce to me any Apotheco documents you previously withheld.

If you still contend that the file name field is your work product, that file name metadata can (under a reservation of Apotheco's rights) be removed from the production, but Apotheco documents should not be withheld; and

(2) Either:

    a. Direct Capsicum to produce a proper log that contains the actual file name of all withheld documents (subject to a reservation of Apotheco's rights); or

    b. To the extent that they are not produced pursuant to (1) above, direct Capsicum to produce to the Court, for in camera review, all of the documents highlighted in blue or purple so that the Court can determine whether such documents are Apotheco Property.

Mr. Ahmed has done neither.

    Mr. Ahmed vaguely asserts that the documents and/or file names in question are privileged based merely on the fact that he allegedly shared them with an attorney and/or changed the name of the file when sharing them with an attorney. However, the attorney-client privilege extends only to confidential communications between the attorney and the client and does not prevent the disclosure of underlying facts. *See, e.g., UpJohn Co. v. United States, et al.*, 449 U.S. 383, 395,



The Honorable Margaret M. Garnett
January 31, 2025
Page 4

66 L. Ed. 2d 584, 101 S. Ct. 677 (1981).  Mr. Ahmed cannot withhold from Apotheco and retain Apotheco documents simply by virtue of the fact that he allegedly shared them with his attorney.

  Mr. Ahmed's refusal to allow the vendor to properly log the withheld documents not only violates the Court's Order, but also hinders the ability of Apotheco and the Court to assess the validity of his assertions.  As this Court is aware, as a matter of practice, privilege logs must contain information sufficient for the reader to determine whether a document has been property withheld.  *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").  The stripped down logs Mr. Ahmed directed the vendor to provide do not meet this standard.  Instead, Mr. Ahmed has directed the vendor to change the names of all of the withheld files to "Withheld," with no description of what the document actually is.  Given the nature of the 240 "blue" and "purple" documents—all of which contain the terms *Apotheco or Apotheco*, it is highly likely that they are indeed Apotheco Property.  The Court's Order does not permit Mr. Ahmed to unilaterally change file names or to direct the vendor not to provide Apotheco's Property back to Apotheco, or to refrain from remediating Apotheco Property from his devices or accounts.

  In light of the foregoing, Apotheco respectfully requests that the Court order an *in camera* review of the 240 "blue" and "purple" withheld documents, so that the Court can ascertain whether they are Apotheco Property and must be returned to Apotheco and remediated from Mr. Ahmed's device and accounts.  Given the difficulty in obtaining Apotheco's Property from Mr. Ahmed to-date, and what Apotheco believes is a violation of the Court's original Order, Apotheco also asks that the Court hold Mr. Ahmed in contempt and order Mr. Ahmed t bear the cost of the vendor.

  If the Court would like to discuss this matter further with counsel and Mr. Ahmed, we are happy to participate in a telephonic conference at the Court's earliest convenience.  Thank you for your consideration.

                 Respectfully,

                 */s/ Shannon Hampton Sutherland*

                 Shannon Hampton Sutherland

cc: All counsel of record (via PACER/ECF)
   Hassan Ahmed (via PACER/ECF and email)
   Capsicum (via email)

Application GRANTED in part and DENIED in part. The Court declines to conduct an *in camera* review of the withheld documents at this stage. Instead, Capsicum is hereby ORDERED to produce to the Court *ex parte* a version of the Microsoft Excel log of the documents withheld by Mr. Ahmed, but shall include the documents' original file names rather than "[Withheld]". The log shall include only entries for documents withheld by Mr. Ahmed as privileged; entries for documents withheld by Mr. Ahmed as entirely non-responsive (*i.e.*, documents that are not Apotheco property, regardless of privilege) need not appear on the log produced to the Court. This is because the Court does not give credence to the assumption (which Apotheco's motion is almost entirely premised upon) that files that hit on the search terms *Apotheco or Apotheco* are necessarily Apotheco property. Indeed, the entire purpose of the secondary review was to weed out non-responsive false hits on these search terms, which of course were bound to pull in documents that refer to Apotheco but are not Apotheco property.

To be clear, the log with the original file names shall not be produced to either party or counsel for either party, and shall be sent by Capsicum solely to the Court via email at GarnettNYSDChambers@nysd.uscourts.gov. Capsicum shall make the *ex parte* production by no later than **February 18, 2025**. If Capsicum requires additional time to prepare the log as directed herein, they shall inform both counsel for Apotheco and Mr. Ahmed who are ORDERED to convey any request for additional time to the Court on behalf of Capsicum. Counsel for Apotheco is further ORDERED to serve this order by email on Capsicum **by 5:00 p.m. today**.

SO ORDERED. Dated February 10, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE