UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APOTHECO PHARMACY DURHAM LLC, and APOTHECO, LLC,

                Petitioners,

-against-

HASSAN AHMED,

                Respondent.

24-CV-03619 (MMG)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2025

MARGARET M. GARNETT, United States District Judge:

    Before the Court is Apotheco's motion to compel at Dkt. No. 48. For the reasons discussed herein, the motion is DENIED.

## BACKGROUND

    On November 26, 2024, Petitioner Apotheco Pharmacy Durham, LLC ("Apotheco") moved for an order of civil contempt and sanctions against Respondent *pro se* Hassan Ahmed ("Ahmed") for allegedly refusing to return certain documents to Apotheco as required by the Court's November 6, 2024 order. *See* Dkt. Nos. 39, 41–43. On December 5, 2024, the Court held a videoconference with the parties to discuss the issues raised in Apotheco's motion. *See* Dkt. No. 44.

    As a result of the conference, the parties jointly proposed a document review protocol to address the collection and review of all remaining Apotheco documents that potentially remained in Ahmed's possession. *See* Dkt. No. 46. With some modifications by the Court to account for Ahmed's *pro se* status, the final document review protocol was memorialized in the Court's December 6, 2024 order ("December 6 Order"). *See* Dkt. No. 47.

    As discussed with the parties at the December 5, 2024 conference, and as expressed in the letter from Apotheco proposing the document review protocol, the review was employed specifically "to identify and return to Apotheco the Apotheco Property, *but not Mr. Ahmed's personal property or attorney-client communications*." Dkt. No. 47 at 2 (emphasis added). The December 6 Order specifically approved Capsicum Group ("Capsicum"), as the neutral forensic vendor to facilitate the collection and review. *Id.* Over the following weeks, the parties engaged in the collection and review and, at some point, Apotheco received a log from Capsicum of 435 documents that were withheld from Apotheco at Ahmed's direction, consistent with the December 6 Order. *See id.* at 2; *see also* December 6 Order ¶ 4 (stating that the vendor, Capsicum, shall provide a log of communications withheld as privileged or as non-responsive).

    On January 31, 2025, Apotheco moved to compel return of documents following an *in camera* review of certain documents withheld by Ahmed pursuant to procedures outlined in the

1

December 6 Order (the "Motion"). *See* Dkt. Nos. 47, 48. The Motion states that the log of withheld documents "does not provide sufficient information for Apotheco or the Court to ascertain whether documents have been properly withheld in accordance with the Court's Order." Dkt. 48 at 2. Apotheco's Motion further claims that since the withheld files "contain the terms *Apotheco or Apotheco*, and are primarily PDF and Excel files, it appears highly unlikely that these files are actually "non-responsive" or properly withheld in accordance with the Court's Order. Rather, it is highly likely that these 240 files are Apotheco Property." *Id*.

On February 6, 2025, Ahmed opposed the Motion, and asserted that all 435 withheld files "would disclose privileged information," and were "withheld in accordance with the Court's Order." Dkt. No. 49. Specifically, Ahmed justified his redaction of the file names in the original log as the "original file names for the 435 withheld files would disclose privileged information, as they reflect attorney-client communications made for the purpose of seeking legal advice." *Id*. Ahmed also stated that revealing to Apotheco "the sequence and/or the selection of documents," sent by Ahmed to his attorney would amount to a disclosure of work product. *Id*. On February 7, 2025, Apotheco filed a short reply. *See* Dkt. No. 50.

On February 10, 2025, the Court granted in part and denied in part Apotheco's request for an *in camera* review of documents. Dkt. No. 51. While the Court declined to undertake a comprehensive *in camera* review of the underlying documents, the Court ordered Capsicum to "to produce to the Court *ex parte* a version of the Microsoft Excel log of the documents withheld by Mr. Ahmed, but shall include the documents' original file names rather than '[Withheld]'." Dkt. No. 51. On February 11, 2025, pursuant to the specifications in the Court's order, a representative from Capsicum produced *ex parte* the log detailing the original file names of the 435 documents withheld by Ahmed for the Court's review.

## DISCUSSION

The Court has reviewed all 435 entries in light of the parties' various contentions in support and in opposition to the Motion and its familiarity with all issues raised throughout this matter. From its review of the unredacted log provided by Capsicum *ex parte*, the Court has determined that Ahmed had sufficient basis to withhold these documents and to redact their file names based on protections afforded to attorney-client communications and attorney work product. The Motion to compel is thus DENIED.

### I.     Attorney-Client Privilege

Under federal common law,[1] "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (*citing In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).

---

[1] Where, as here, subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law. *See In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001).

"The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (quotation marks and citation omitted).

As Ahmed stated in his opposition to the Motion, the revelation of many of the original file names of the withheld documents would, based on the Court's independent *in camera* review of the file names, disclose privileged information. Specifically, the following range of withheld files contain file names that constitute privileged communications from a client to his attorney and, thus, were properly redacted using the "[Withheld]" placeholder:

- Apotheco-Withheld001–Apotheco-Withheld010; and
- Apotheco-Withheld393–Apotheco-Withheld435.[2]

The remaining range of withheld documents (Apotheco-Withheld011–Apotheco-Withheld392) contain non-descript Bates range file names, and thus their file names do not, on their face, reveal attorney-client communications. However, for the reasons discussed below, even if the selection and compilation of these documents does not fall within the privilege, that process is protected from discovery by the work product doctrine. Thus, the Court will not require Ahmed to produce an updated log to unredact these file names.

## II.     Work Product

The work product privilege is broader than the attorney-client privilege. *In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir. 2000). This privilege exists to protect attorneys' mental impressions, opinions, and/or legal theories concerning litigation. *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. 1989).

Typically, work product protection "does not extend to documents in an attorney's possession that were prepared by a third party in the ordinary course of business and would have been created in essentially similar form irrespective of any litigation anticipated by counsel." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 384–85 (2d Cir. 2003). However, "where a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected." *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676 (2d Cir. 1987).

Specifically, the Second Circuit has recognized the "selection and compilation exception" that applies to otherwise non-protected documents "when an attorney has so specifically selected and compiled such documents in anticipation of litigation that production would necessarily reveal the attorney's developing strategy." *In re Grand Jury Subpoenas*, 318 F.3d at 385. While "[n]ot every selection and compilation of third-party documents by counsel transforms that material into attorney work product," if production of the documents would expose "counsel's

---

[2] The Court references the documents by the identifier provided by Capsicum in the "Filename Placeholder" column of the relevant log.

thought processes in relation to pending or anticipated litigation," they can be protected by the privilege. *Id*.

      While the Court has not examined the underlying 435 withheld documents themselves, and has only examined a log containing the metadata from these documents (including, as discussed, the documents' original file names), it is evident from the log alone that these documents were collected for transmission to counsel in anticipation of litigation at the direction of an attorney. So as not to inadvertently disclose protected or privileged material, the Court will not detail the multiple bases for its conclusion. However, based on its careful review of the log provided by Capsicum, as well as its knowledge of all the relevant events in this matter, the Court concludes that either the production of an unredacted log or the production of the underlying documents themselves would certainly reveal attorney strategy protected by the selection and compilation exception. *Id*. at 385.

      For these reasons, Apotheco's motion to compel the return of the 435 documents withheld by Ahmed is DENIED. Although the protected status of these documents means that they will not be "returned" within the meaning of the Court's prior orders, the remainder of those prior orders means that Ahmed will not be able to make any use of Apotheco documents in the operation of Ebers Pharmacy or any other similar business. This appropriately balances the strong public interest in preserving attorney-client and attorney work product privileges with Apotheco's private commercial interest in its business documents and any trade secrets contained therein. The parties are HEREBY ORDERED to submit a joint letter by no later than **March 3, 2025**, addressing whether they are prepared to proceed to arbitration or, alternatively, propose next steps in this case.

Dated: February 19, 2025
      New York, New York

                                SO ORDERED.

                                _____
                                MARGARET M. GARNETT
                                United States District Judge